IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LANCHESTER FREEMAN, §<br>     #339862, §<br>          PETITIONER, §<br> §<br>v. §<br> §<br>DIRECTOR, TDCJ-CID, §<br>          RESPONDENT. § | <br><br><br><br>CIVIL CASE NO. 3:22-CV-1620-K-BK<br><br><br> |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Lanchester Freeman's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

## I. BACKGROUND

In 1981, Freeman was convicted of aggravated robbery and sentenced to 99 years' imprisonment. Doc. 3 at 2; *State v. Freeman*, No. F81-09744-V (292nd Judic. Dist. Ct., Dallas Cnty., Tex., 1981).[2] He does not challenge his conviction here. Instead, he contests seven prison disciplinary proceedings which occurred from 1993 to 1999, and which he claims resulted in the

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] The state trial court's docket sheet is available by entering the case number (F1748267) at https://www.dallascounty.org/services/public-access.php (last accessed on Mar. 22, 2023).

loss of previously earned good-time credits. Doc. 3 at 5. Although Freeman allegedly attempted to exhaust his administrative remedies, he states the Step 1 and Step 2 grievances were "disposed by staff into the trash." Doc. 3 at 5.

On July 26, 2022, over 20 years after the disciplinary actions complained of, Freeman filed this *pro se* federal habeas petition. Doc. 3. He challenges the rules and procedures of the disciplinary hearings and the forfeiture of his good-time credits. Doc. 3 at 6-8. Freeman seeks restoration of the lost good-time credits and release from imprisonment, complaining that he is being held "past [his] projected release date." Doc. 3 at 8. He also asserts that his petition should "not be time barred due to mental health and lack of education and inability to read and comprehend any legal material pertaining to [his] incarceration and disciplinary cases." Doc. 3 at 8. According to Freeman, the disciplinary hearing officers exploited him "due to [his] 'MHMR' 'Mental Health/Mental Retardation status.'" Doc. 3 at 8. He asks that his petition not be dismissed as time barred because of his mental-health incapacity and *pro se* status—lack of education, indigent status, and lack of assistance from trained prison staff. Doc. 3 at 10.

Because Freeman's federal petition appeared untimely, the Court provided him further opportunity to respond regarding the application of the one-year limitations period. Doc. 9. To date, however, he has failed to do so. He has also failed to inform the Court of his address change as required. *See* Doc. 3 at 2 ("Failure to notify the court of your change of address could result in the dismissal of your case."); Doc. 2 (similar notice in *Instructions to Pro se Plaintiff*). That notwithstanding, a review of the petition reveals it is indeed barred by the applicable statute of limitations. And because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider sua sponte after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Subsection 2244(d)(1)(D)—the date on which the factual predicate of the claim … could have been discovered through the exercise of due diligence—governs the timeliness of claims challenging prison disciplinary proceedings. *Kimbrell v. Cockrell,* 311 F.3d 361, 362-63 (5th Cir. 2002) (holding one-year statute of limitations applies to prison disciplinary proceedings). As noted in *Kimbrell*, the factual-predicate date is the date of the disciplinary hearing decision and the grievance procedure will toll the limitations period if grievances are timely filed. *Id.* at 364.

The disciplinary actions at issue became final for limitations purposes over twenty years ago between 1993-1999, when Freeman was found guilty of each disciplinary infraction and learned of the loss of good-time credits. *Kimbrell*, 311 F.3d at 363; Doc. 3 at 5. Although Freeman asserts he did not complete the grievance process because his grievances (step 1 and step 2) were "disposed by staff into the trash," Doc. 3 at 5-6, he nevertheless is not entitled to statutory tolling. *Kimbrell*, 311 F.3d at 364. For starters, Freeman's federal petition was due no later than one year after each of the disciplinary actions about which he complains. Yet Freeman

waited for over 20 years before filing this action.  Consequently, the petition *sub judice*, deemed filed on July 7, 2022, is clearly outside the one-year limitations period absent equitable tolling.[3]

### B. Equitable Tolling

Freeman's filings, even when liberally construed based on his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quotations and citations omitted).  Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and citations omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  Unexplained delays do not show due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

At the outset the Court notes that Freeman did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  As previously noted, he squandered the entire one-year period and waited over 20 years to file this federal petition. These extended periods of inactivity indicate a lack of due diligence.  Unexplained delays or

---

[3] The federal petition is deemed filed on July 7, 2022, the date Freeman certifies placing it in the prison mail system. Doc. 3 at 11; *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applies when inmates use the prison's internal mailing system).

delays of the petitioner's own making establish neither due diligence nor rare and extraordinary circumstances. *See Fisher*, 174 F.3d at 715.

Additionally, Freeman's remaining arguments in favor of equitable tolling are unpersuasive. He asserts:

> Due to my mental health compacity [sic] and lack of education I was unaware of my rights and the injustice that was done to me by the D.H.O. staff in charge. I was indigent and unable to hire effective counsel to represent my best interests. The law library does not staff it with staff with any kind of officer educated in the law to provide any legal assistance to any inmate at any time. Allow this injustice to be heard by your Honorable court in the interest of justice so that justice may be served. I am being falsely imprisoned because of this injustice of good time loss that has been exceeded in every aforementioned case.

Doc. 3 at 10.

Freeman states that he suffers from mental illness and, as a result, was incapable of the inferential thinking necessary to seek habeas relief. While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so automatically and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam). Unsupported, conclusory assertions of mental illness cannot support equitable tolling. *Id.* The mental illness must render the petitioner unable "to pursue his legal rights during" the relevant period. *Id.; see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (affirming denial of equitable tolling where petitioner's mental condition was stable and he was capable of filing a petition for a period that lasted over one year).

Although given an additional opportunity to do so, Freeman has proffered nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights. Even assuming he indeed suffered from such mental-health

condition during the one-year period, there is nothing in the record, apart from Freeman's self-serving assertions, to suggest that his condition rendered him unable to pursue his legal rights — timely filing his federal habeas petition.  *See Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), *R. & R. accepted*, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling based on vague, unsupported, self-serving, allegations that mental health issues prevented the petitioner from seeking habeas relief during the one-year period).

Additionally, Freeman's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling.  *See Felder*, 204 F.3d at 171 ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (neither unfamiliarity with the legal process nor lack of representation justify equitable tolling).

As such, Freeman has not met his burden to establish that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

### III. CONCLUSION

For all these reasons, Freeman's petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on June 1, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).